USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/27/2017

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------- X
JARED MCLAUGHLIN,                :
                                 :
                    Plaintiff,   :
                                 :
     -against-                   :    No. 17 Civ. 3624 (JFK)
                                 :    **OPINION & ORDER**
INFOR (US), INC., STUART         :
SMITH, JEFFREY WAYLAND, and      :
DARREN SAUMUR,                   :
                                 :
                    Defendants.  :
------------------------------- X

**JOHN F. KEENAN, United States District Judge:**

    Before the Court is Plaintiff Jared McLaughlin's ("Plaintiff") motion, pursuant to 28 U.S.C. § 1447(c), for costs. Plaintiff makes his motion in connection with the Court's remand of the case to the Supreme Court of the State of New York, New York County after removal by Defendants Infor (US), Inc., Stuart Smith, Jeffrey Wayland, and Darren Saumur ("Defendants"). For the reasons stated below, the Court grants Plaintiff's motion for costs in the amount of $294.66.

## I. Background

    On April 24, 2017, Plaintiff filed a complaint in the Supreme Court of the State of New York, New York County against Defendants. (State Court Records and Proceedings Pursuant to Local Rule 8.1 at 1, ECF No. 6 (filed May 16, 2017).) Plaintiff essentially alleges that Defendants failed to pay Plaintiff the required commissions, bonuses, and other compensation owed under

his employment contract.  On May 15, 2017, Defendants filed a notice of removal to this Court. (See Notice of Removal, ECF No. 1 (filed May 15, 2017).)

The notice of removal premised federal jurisdiction on complete diversity under 28 U.S.C. § 1332. (See id. ¶ 6.)  On May 25, 2017, Plaintiff moved to remand the case to New York state court because removal was improper under 28 U.S.C. § 1441(b)(2), which provides:  "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." (Pl.'s Mem. of L. in Supp. of Mot. for Remand, ECF No. 13 (filed May 25, 2017).)  In his motion to remand, Plaintiff moves for actual costs and expenses incurred as a result of the removal under 28 U.S.C. § 1447(c), which authorizes a remanding court to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." (See id. at 9-10.)  On June 2, 2017, Defendants filed a motion to withdraw the notice of removal, in which they acknowledged that at least one Defendant is a citizen of the State of New York. (Motion to Withdraw Notice of Removal, ECF No. 18 (filed June 2, 2017).)  On June 5, 2017, the Court granted Defendants' motion to withdraw the notice of removal, ordered that the action be

remanded back to New York Supreme Court, and retained jurisdiction over Plaintiff's application for costs. (See Order on Defs.' Mot. to Withdraw, ECF No. 23 (filed June 5, 2017); Order, ECF No. 24 (filed June 5, 2017).)

On June 22, 2017, Plaintiff sent his motion for costs in the amount of $1,157.78 to the Court, along with sixteen receipts for various expenses. (See Notice of Mot. to Refund Fees and Costs, ECF No. 29 (filed July 7, 2017) [hereinafter Motion for Costs]; Proposed Order to Return Fees and Costs, ECF No. 29-1 at 10 (filed July 7, 2017).) Plaintiff argues that he is entitled to costs because removal was improper under 28 U.S.C. § 1441(b)(2). (Mot. for Costs at 1.) Defendants argue that costs are not warranted because Plaintiff has failed to explain the basis for the costs he is seeking or explain how they are related to the removal and remand of this case. (Defs.' Mem. of L. in Opp'n to Pl.'s Mot. to Refund Fees and Costs at 3, ECF No. 31 (filed July 7, 2017).) On October 18, 2017, Plaintiff filed an affidavit in support of his motion to refund costs. (Reply Aff. in Supp. of Mot. to Refund Fees and Costs, ECF No. 36 (filed Oct. 18, 2017) [hereinafter McLaughlin Aff.].)

## II. Discussion

### 1. Legal Standard

"An order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred

3

as a result of the removal." 28 U.S.C. § 1447(c). "[C]ourts may award [costs] under § 1447(c) . . . where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). "Objective reasonableness is evaluated based on the circumstances as of the time that the case was removed." Williams v. Int'l Gun-A-Rama, 416 F. App'x 97, 99 (2d Cir. 2011) (summary order). "The award of costs under § 1447(c) is discretionary and does not require a finding that the removant acted in bad faith." In re Friedman & Shapiro, P.C., 185 B.R. 143, 145–46 (S.D.N.Y. 1995). An award of fees and costs requires the application of a test of "overall fairness given the nature of the case, the circumstances of remand, and the effect on the parties." Morgan Guar. Tr. Co. of New York v. Republic of Palau, 971 F.2d 917, 924 (2d Cir. 1992).

### 2. Analysis

Several courts in this District have found that a removing defendant lacked an objectively reasonable basis for removing a case on the stated basis of diversity of citizenship when, as here, the defendant was a citizen of the state in which the action was brought. See Prescia v. U.S. Life Ins. Co. in City of New York, No. 10cv2518 (KMW), 2010 WL 4344561, at *3 (S.D.N.Y. Nov. 1, 2010) ("Here, the Court is authorized to award costs and attorney's fees against the Defendant [under § 1447(c)] because

4

removal was predicated upon a diversity of citizenship that clearly does not exist. Defendant is a citizen of the state in which this action was brought. Even the most basic of research would have revealed that this Court does not have jurisdiction over this action." (internal quotation marks and citation omitted)); Dela Rosa v. 610-620 W. 141 LLC, No. 08 Civ. 8080(PKL), 2009 WL 1809467, at *3-4 (S.D.N.Y. June 24, 2009). As Defendants concede, at least one Defendant is a citizen of New York. Accordingly, Defendants lacked an objectively reasonable basis for removal and an award under § 1447(c), is appropriate because "removal was predicated upon a diversity of citizenship that clearly does not exist." Prescia, 2010 WL 4344561, at *3 (internal quotation marks omitted).

The remaining issue, then, is the proper amount of the award. Plaintiff seeks costs in the amount of $1,157.78 for various expenses, including lodging, airfare, printing, shipping, and various office supplies. (See McLaughlin Aff. at 1-2.) The Court will first consider the expenses for lodging and airfare.

Plaintiff submits two receipts, one for a hotel reservation for May 29, 2017 through May 30, 2017 in Jersey City, New Jersey in the amount of $214, and one for a round-trip plane ticket from Charlotte, North Carolina to LaGuardia Airport in New York City, departing on May 29, 2017 and returning May 30, 2017, in

the amount of $266. (Mot. for Costs Exs. 1, 2.)  Plaintiff never explains exactly what these receipts are, and his affidavit simply states that these receipts are "Non-Refundable Lodging" and "Non-Refundable Airfare" caused by Defendants' "improper and cancelled removal." (McLaughlin Aff. at 1.)  However, in his reply brief, Plaintiff states that "[b]y the Defendants['] actions alone, moving the case to S.D.N.Y. improperly, they canceled, the RJI meeting in the Supreme Court of the State of New York, which was confirmed for May 30th, 2017." (Letter Reply Ex. 1 at 1, ECF No. 32-1 (filed July 10, 2017) [hereinafter Pl.'s Reply Br.].)  Because Plaintiff is pro se, the Court will assume, for the purposes of this motion, that these receipts reflect expenses Plaintiff incurred in booking travel for the conference in state court.

Nevertheless, Plaintiff is not entitled to costs under 1447(c) for these travel expenses.  Courts have granted pro se litigants' requests for reimbursement of expenses "arising from the improvident removal and subsequent remand." Aretakis v. United Airlines, Inc., No. 15CV6313ENVJO, 2017 WL 3037482, at *3 (E.D.N.Y. June 23, 2017), report and recommendation adopted, No. 15CV6313ENVJO, 2017 WL 3037403 (E.D.N.Y. July 17, 2017).  "Fees and costs are incurred as a result of the removal if they . . . would not have arisen had the case remained in state court." Williams v. Beemiller, Inc., No. 05-CV-836S(F), 2010 WL 891001,

at *5 (W.D.N.Y. Mar. 10, 2010), rev'd on other grounds sub nom. Williams v. Int'l Gun-A-Rama, 416 F. App'x 97 (2d Cir. 2011). These travel costs were not, as Plaintiff contends, incurred as a result of removal, because had Defendants not removed this action, Plaintiff still would have had to travel to New York, his chosen venue, to attend the May 30 conference in state court. Accordingly, the Court declines to award costs for Plaintiff's travel expenses.

The remainder of Plaintiff's costs are largely shipping and printing expenses. New York courts have awarded similar types of costs, including expenses incurred for photocopying and postage, to pro se plaintiffs where those costs were reasonable. See, e.g., Aretakis, 2017 WL 3037482, at *4 (awarding reasonable postage and copying costs incurred as a result of defendant's removal to pro se litigant); Mintz & Gold LLP v. Daibes, No. 15 CIV. 1218 PAE, 2015 WL 2130935, at *9 (S.D.N.Y. May 6, 2015), aff'd, 643 F. App'x 35 (2d Cir. 2016) (awarding pro se litigant payment of $85.44 in out-of-pocket transcript costs).

Plaintiff states that he incurred $589.32[1] in costs for "manual printing" and "manual shipping" because of Defendants' "improper and cancelled removal." (McLaughlin Aff. at 1-2; Mot. for Costs Exs. 3-6, 9-15.) In his reply brief, he states that

---

[1] The total amount requested for printing and shipping is $613.07, however, Plaintiff includes two receipts for the same expense, a shipping cost in the amount of $23.75 on May 22, 2017, in Exhibits 6 and 12.

7

he "incur[red] the cost of sending courtesy copies (14.1 lbs 75 Exhibits)" of the First Amended Complaint. (Pl.'s Reply Br. at 2.) Pursuant to the Court's individual practices, litigants are required to provide courtesy copies of pleadings and other motions to the Court. (See Judge John F. Keenan Individual Practices April 2017 at 3.) Thus, the expenses for sending courtesy copies to the Court were incurred as a result of Defendants' improper removal and an award of costs is appropriate.

However, Plaintiff offers no explanation as to why the expenses for sending courtesy copies to the Court total almost $600, and specifically why some of the courtesy copies needed to be sent via overnight shipping, which is inevitably more expensive. Accordingly, the Court finds that reimbursement in such an amount is unreasonable. See Aretakis, 2017 WL 3037482, at *3 (declining to award certain costs where pro se plaintiff failed to explain the basis for the cost). The Court sees fit to apply a 50 percent reduction to Plaintiff's request for printing and shipping costs, and finds an award of $294.66 to be more reasonable. See MB Fin. Bank, N.A. v. 56 Walker, LLC, No. 11 Civ. 5538(JGK), 2011 WL 6338808, at *4 (S.D.N.Y. Dec. 19, 2011) (applying "across-the-board reduction of 40% to the plaintiff's attorneys' hours").

Finally, Plaintiff requests $19.18 for flash drives, $3.75 for copy paper, and $11.22 for an ink cartridge. (McLaughlin Aff. at 1-2; Motion for Costs Exs. 7, 8, 16.) The Court does not find it reasonable for Defendants to be required to reimburse Plaintiff for office supplies.

## CONCLUSION

Because Defendants lacked an objectively reasonable basis for removing the case from New York state court, Plaintiff's motion for costs is GRANTED in the amount of $294.66.

The Clerk of the Court is respectively directed to terminate the motion docketed at ECF No. 29.

**SO ORDERED.**

Dated: New York, New York
October 27, 2017

*John F. Keenan*
John F. Keenan
United States District Judge